UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
TRESIA EASTERLY, on behalf of           :
herself and others similarly situated,  :
                Plaintiff,            :        **ORDER ADOPTING REPORT**
                                        :        **AND RECOMMENDATION**
v.                                      :
                                        :        11 CV 6365 (VB)
TRI-STAR TRANSPORT CORP.,               :
CHRISTOPHER JACQUES, and JILL C.        :
JACQUES, individually,                  :
                Defendants.
--------------------------------------------------------------x

Briccetti, J.:

By Order dated April 1, 2014, the Court granted plaintiff's motion for a judgment of default against defendant Tri-Star Transport Corp. (Doc. #47). By separate Order dated April 1, 2014, the Court referred this matter to Magistrate Judge Paul E. Davison for an inquest on damages. (Doc. #49). Now pending is Judge Davison's Report and Recommendation ("R&R"), dated November 19, 2014, recommending that the Court enter judgment against defendant Tri-Star Transport Corp. in the amount of $47,791.30 in damages; plus pre-judgment interest of $1,188.18 up to November 19, 2014 and at a daily rate of $0.82 thereafter; plus $53,390.00 in attorneys' fees and costs. (Doc. #58).[1]

The Court presumes familiarity with the factual and procedural background of this case.

For the following reasons, the Court adopts the R&R as the opinion of the Court.

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and

---

[1] By Order dated January 31, 2014, the Court granted plaintiff's motion to dismiss individual defendants Christopher Jacques and Jill C. Jacques from the case without prejudice. (Doc. #41).

recommendation, but they must be "specific[,] written," and submitted within 14 days after being served with a copy of the recommended disposition.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).

Insofar as a report and recommendation deals with a dispositive motion, a district court must conduct a de novo review of those portions of the report or specified proposed findings or recommendations to which timely objections are made.  28 U.S.C. § 636(b)(1)(C).  The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record.  Lewis v. Zon, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).  The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments.  Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

None of the parties has objected to Judge Davison's thorough and well-reasoned R&R.

The Court has carefully reviewed the R&R and finds no error, clear or otherwise.

## CONCLUSION

Accordingly, the R&R is adopted in its entirety as the opinion of the Court.

The Court will enter Judgment accordingly.

Dated: January 23, 2015
White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

2